[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10098

Non-Argument Calendar

_____

In Re: BARBARA ALBYTINE GIBBS,

Debtor.

_____

M. EUGENE GIBBS,

Plaintiff-Appellant,

*versus*

BARBARA ALBYTINE GIBBS,

NATIONSTAR MORTGAGE LLC,

d.b.a. Mr. Cooper,

BANK OF AMERICA,

2                    Opinion of the Court                    24-10098

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01898-MHC,
Bkcy No. 1:19-bk-54809-WLH

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  M. Eugene Gibbs, proceeding *pro se*, filed a counterclaim in the United States Bankruptcy Court for the Northern District of Georgia as an interested party to his wife's Chapter 13 bankruptcy proceedings.  Gibbs appealed two bankruptcy court orders to the district court, which entered a final order and judgment dismissing Gibbs's district court appeal on August 7, 2023.  Gibbs filed two postjudgment motions, which the district court denied in orders entered September 8, 2023, and September 15, 2023.  Gibbs filed a notice of appeal from the district court's August 7, 2023, final order and judgment and September 8, 2023, and September 15, 2023, orders denying his postjudgment motions.

Gibbs's notice of appeal was untimely to appeal from the district court's August 7, 2023, final order and judgment and September 8, 2023, and September 15, 2023, orders.  The deadline to

24-10098                  Opinion of the Court                  3

appeal from the first two orders, and the judgment, was October 10, 2023, because Gibbs's first postjudgment motion tolled the time to appeal, while the deadline to appeal from the third order was October 16, 2023. *See* Fed. R. App. P. 6(a); *see also* Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 6(b)(2)(A); Fed. R. Bankr. P. 8022; Fed. R. App. P. 26(a)(1)(C). However, Gibbs did not file his notice of appeal until January 8, 2024. Thus, Gibbs's appeal cannot invoke our appellate jurisdiction as to any of the orders. *See In re Porto*, 645 F.3d 1294, 1301 (11th Cir. 2011).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.